UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KARON MORIN ET AL.**                                              **CIVIL ACTION**

**VERSUS**                                                          **No. 13-5972**

**AMERICAN BANKERS INSURANCE**                                      **SECTION I**
**COMPANY OF FLORIDA ET AL.**

## ORDER AND REASONS

Before the Court is a motion[1] filed by defendant, Eslava and Associates, LLC ("Eslava"), to dismiss plaintiffs' claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is **GRANTED**.

## BACKGROUND

In their complaint, plaintiffs, Karon Morin and Paul Morin, Jr., allege that Eslava[2] sold a flood insurance policy to them, which was issued by co-defendant American Bankers Insurance Company of Florida.[3] The policy limited dwelling coverage to $150,000.00.[4] After Hurricane Isaac caused "serious and devastating damage to petitioners' home," plaintiffs were paid $94,940.92 pursuant to the dwelling portion of the policy.[5]

Plaintiffs allege that Eslava "was negligent in the procurement of flood insurance for petitioners, in not properly valuing the property, negligent failure to properly advise petitioners as

---

[1] R. Doc. No. 6.
[2] Plaintiffs' complaint refers to defendant as "Eslava and Associates, LLC.," R. Doc. No. 1-2, at 5, and the Court construes plaintiffs' subsequent reference to "Eslava and Clements, L.L.C." as a drafting error. *See, e.g.*, R. Doc. No. 20, at 1.
[3] R. Doc. No. 1-2, at 5.
[4] R. Doc. No. 1-2, at 6.
[5] R. Doc. No. 1-2, at 6.

-1-

to the correct limits of coverage and/or properly advising their insured[s] as to the purchase of the correct amount of insurance to fully cover their home."[6] Alternatively, plaintiffs allege that Eslava was negligent "in procuring insurance, the limits of which could never be obtained giving the property insured."[7]

## STANDARD OF LAW

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay*:

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable

---

[6]R. Doc. No. 1-2, at 7.
[7]R. Doc. No. 1-2, at 7.

-2-

to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).

## DISCUSSION

In its motion, Eslava first argues that Louisiana law does not impose a duty on an insurance agent to independently appraise insureds' property and advise insureds as to whether coverage is adequate or otherwise proper.[8] Eslava alternatively argues that, because plaintiffs are insured under the National Flood Insurance Program, plaintiffs are charged with constructive knowledge of its provisions and those of the Standard Flood Insurance Policy at issue, and it is unreasonable as a matter of law for plaintiffs to rely on any alleged misrepresentation by Eslava.[9]

Eslava cites numerous cases for the proposition that Louisiana law does not impose on insurance agents a duty to advise insureds as to the proper amount or type of coverage.[10] In response, plaintiffs rely primarily on *Durham v. McFarland, Gay and Clay, Inc.*, 527 So. 2d 403, 405 (La. App. 4th Cir. 1988), citing it for the proposition that "an agent's fiduciary duty includes advising his client with regards to recommended coverage."[11] As U.S. District Judge Barbier has observed, however, *Durham* "has been consistently undermined by subsequent Louisiana cases," including *Isidore Newman School v. J. Everette Eaves, Inc.*, 42 So. 3d 352 (La. 2010). *Green v. Guidry*, No. 11-2466, 2012 WL 5507286, at *4 (E.D. La. Nov. 14, 2012).

---

[8]R. Doc. No. 6-1, at 2 & n.3.
[9]R. Doc. No. 6, at 2.
[10]R. Doc. No. 6-1, at 3 n.3 (citing, for example, *Feucht v. Safeco Ins. Co. of Am.*, No. 11-550 2012 Wl 832355, *3 (M.D. La. Jan. 30, 2012)).
[11]R. Doc. No. 20, at 2-3.

In *Isidore Newman*, the Louisiana Supreme Court concluded:

> An agent has a duty of "reasonable diligence" to advise the client, but this duty has not been expanded to include the obligation to advise whether the client has procured the correct amount or type of insurance coverage. It is the insured's responsibility to request the type of insurance coverage, and the amount of coverage needed. It is not the agent's obligation to spontaneously or affirmatively identify the scope or the amount of insurance coverage the client needs.

42 So. 3d at 329. Both of plaintiffs' theories of recovery against Eslava essentially assert that Eslava was negligent in failing to advise them as to the correct amount of coverage. Accordingly, plaintiffs' claims against Eslava are not cognizable under Louisiana law.

## CONCLUSION

Plaintiffs have failed to demonstrate that their claims against Eslava withstand *Isidore Newman*. Moreover, plaintiffs have failed to present any opposition to Eslava's alternative argument for dismissal.

Accordingly,

**IT IS ORDERED** that Eslava's motion is **GRANTED** and that plaintiffs' claims against Eslava are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, November 11, 2013.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE