UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KARON MORIN ET AL.**                                         **CIVIL ACTION**

**VERSUS**                                                                  **No. 13-5972**

**AMERICAN BANKERS INSURANCE**                         **SECTION I**
**COMPANY OF FLORIDA ET AL.**

## ORDER AND REASONS

Before the Court is a motion[1] for summary judgment by defendant, American Bankers Insurance Company of Florida ("ABIC"). Plaintiffs, Karon Morin and Paul Morin, Jr., have filed an opposition,[2] to which ABIC has filed a reply.[3] For the following reasons, the motion is **GRANTED**.

## BACKGROUND

ABIC is a Write-Your-Own Program ("WYO") carrier participating in the National Flood Insurance Program.[4] ABIC issued a Standard Flood Insurance Policy ("SFIP") to plaintiffs for their property in Braithwaite, Louisiana.[5] The SFIP policy limits were $150,000.00 for dwelling coverage and $60,000.00 for contents coverage, each subject to a $1,000.00 deductible.[6]

On or about August 29, 2012, plaintiffs' property was flooded.[7] Plaintiffs submitted a claim for flood damage, and ABIC assigned the handling of the claim to Sweet Claim Service, which in

---

[1] R. Doc. No. 33.
[2] R. Doc. No. 39.
[3] R. Doc. No. 45.
[4] R. Doc. No. 33-2, at 1; *see also* Local Rule 56.2.
[5] R. Doc. No. 33-2, at 2.
[6] R. Doc. No. 33-2, at 2.
[7] R. Doc. No. 33-2, at 2.

turn assigned an independent adjuster, Daniel Chasey ("Chasey"), to inspect plaintiffs' property.[8] On September 9, 2012, Chasey inspected the property and prepared an estimate for flood damage totaling $84,988.43.[9] On December 12, 2012, plaintiffs executed a proof of loss ("POL") in the amount of $85,658.97.[10] ABIC paid plaintiffs $84,988.43 pursuant to the SFIP's building coverage on January 5, 2013.[11] ABIC paid plaintiffs an additional $670.54 pursuant to the SFIP's contents coverage on January 8, 2013.[12] Plaintiffs then requested a re-inspection and the possibility of a supplemental payment.[13] After Chasey performed the re-inspection, a supplemental payment was recommended and paid in the amount of $9,172.24.[14] Plaintiffs contend that, as reflected by their adjuster's estimate, they are entitled to an additional payment of approximately $80,000.00.[15]

On August 28, 2013, plaintiffs filed a petition for damages in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, alleging in relevant part that ABIC "negligently miscalculated petitioners['] damages and negligently misvalued petitioners['] property," and that ABIC "acted arbitrarily and capriciously and in bad faith in failing to properly adjust petitioners' claims and/or assigning an inexperienced person to adjust the claim so as [to] deprive petitioners of a correct and proper settlement."[16] The case was removed to this Court on September 27, 2013.[17] On February 4, 2014, ABIC filed the instant motion for summary judgment.

---

[8]R. Doc. No. 33-2, at 2.
[9]R. Doc. No. 33-2, at 3.
[10]R. Doc. No. 33-2, at 3.
[11]R. Doc. No. 33-2, at 3.
[12]R. Doc. No. 33-2, at 3.
[13]R. Doc. No. 33-2, at 3.
[14]R. Doc. No. 33-2, at 3; R. Doc. No. 33-4, at 3.
[15]R. Doc. No. 39, at 2.
[16]R. Doc. No. 1-2, at 7.
[17]R. Doc. No. 1.

ABIC seeks summary judgment on the basis that plaintiffs have failed to submit a sworn POL for the additional payment that they seek.[18] Plaintiffs disagree, arguing that an estimate prepared and signed by their adjuster, whom they had "authorize[d] . . . to discuss and negotiate damages" via a signed statement,[19] suffices.[20]

## STANDARD OF LAW

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine

---

[18] R. Doc. No. 33-2, at 3.
[19] R. Doc. No. 39-2, at 2.
[20] R. Doc. No. 39-1, at 3.

issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see also Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## ANALYSIS

Article VII(J)(4) of the SFIP provides that an insured must submit "a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you." 44 C.F.R. § 61 app. (A)(2), art. VII (J)(4). "As the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, . . . an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). Accordingly, the U.S. Court of Appeals for the Fifth Circuit has characterized a sworn POL as a "'condition precedent' to any suit against an insurer under a SFIP." *Darouiche v. Fid. Nat'l Ins. Co.*, 415 F. App'x 548, 554 n.11 (5th Cir. 2011) (quoting *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008)).

ABIC moves for summary judgment on the basis that plaintiffs failed to submit a sworn POL for additional payments as required by Article VII(J)(4) of the SFIP.[21] Plaintiffs argue that: (1) Article VII(J)(4) does not define sworn; (2) even if plaintiffs' POL was unsworn, ABIC failed to

---

[21]R. Doc. No. 33, at 1.

-4-

inform plaintiffs of the requirement that the POL be sworn; and (3) by accepting a prior, unsworn POL, ABIC recognized such a POL to be adequate.[22] The Court considers each argument in turn.

With respect to the argument that Article VII(J)(4) does not define "sworn," plaintiffs have failed to provide any legal authority or evidence for the proposition that what they submitted to ABIC is sufficient under any definition of the word. For example, while arguing that "the article does not state that the [sworn POL] must be *in writing*,"[23] plaintiffs have not suggested, for example, that they orally swore to the POL at any point. Accordingly, this argument is untethered to the facts of the case. Moreover, ample persuasive authority confirms that a signed but unsworn POL is insufficient to fulfill the sworn POL requirement. *Evanoff v. Standard Fire Ins. Co.*, 534 F.3d 516, 520-21 (6th Cir. 2008) (adopting the reasoning from *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001)); *see also Kurz v. Travelers Prop. Cas. Ins. Co.*, No. 06-7959, 2008 WL 4682285, at *2 (E.D. La. Oct. 20, 2008); *Copeland v. FEMA*, No. 03-2704, 2004 WL 325577, at *3 (E.D. La. Feb. 18, 2004); *Holeman v. FEMA*, 84 699 F. Supp. 98, 99-100 (N.D. Tex. 1988). Here, plaintiffs merely signed a document authorizing their adjuster to "discuss and negotiate damages"[24] and then submitted their adjuster's estimate to ABIC. Neither plaintiffs nor their adjuster swore to the estimate, contrary to the requirement set forth in Article VII(J)(4).

Plaintiffs' argument that ABIC's failure to advise them of the sworn POL requirement precludes ABIC from relying on that requirement[25] is also unpersuasive. "Where federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal

---

[22]R. Doc. No. 39, at 5-6.
[23]R. Doc. No. 39, at 6.
[24]R. Doc. No. 39-2, at 2; *see also* R. Doc. No. 39, at 3.
[25]*See* R. Doc. No. 39, at 4-5.

requirements for receipt of such funds." *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 387-88 (5th Cir. 2005). In *Richardson v. American Bankers Insurance Co.*, 279 F. App'x 295, 299-300 (5th Cir. 2008), for example, the plaintiff alleged that an insurer's attorney told him that POL would not be raised as a defense in the lawsuit and that this misrepresentation was made while plaintiff still had time to file a sworn POL. The Fifth Circuit nonetheless held that plaintiff could not rely on the doctrines of waiver or estoppel relative to his failure to file a sworn POL. *Id.*[26]

Plaintiffs distinguish *Richardson* on the basis that plaintiffs' POL was deficient, rather than entirely absent.[27] However, the Fifth Circuit's reasoning does not support such a distinction. The *Richardson* court emphasized that "[t]his is a strict requirement" and that "the regulations say that a NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with ***all*** of the policy's requirements, including the [POL] requirement." 279 F. App'x at 298; *see also Gowland*, 143 F.3d at 953-54. Moreover, in *Wright*, the Fifth Circuit refused to permit a plaintiff to rely on the doctrine of equitable estoppel where the plaintiff had "refused to sign a [POL] form, required under FEMA regulations," and instead "eventually submitted his own POL," which was deficient. 415 F.3d at 386-87.

With respect to plaintiffs' final argument, that ABIC's previous acceptance of an unsworn POL precludes it from relying on the sworn POL requirement with respect to the additional amounts sought by plaintiff, the Fifth Circuit has held that an insurer's previous acceptance of a deficient

---

[26]"The Supreme Court has not announced a per se rule that equitable estoppel is never available against the government, but it has held in denying an equitable estoppel claim that 'this Court has never upheld an assertion of estoppel against the Government by a claimant seeking public funds.'" *Richardson*, 279 F. App'x at 299 (quoting *Office of Personnel Mgmt. v. Richmond*, 496 U.S. 414, 434 (1990)).

[27]While plaintiffs do not concede that their proof of loss was deficient, as discussed above, they have failed to demonstrate how they meet the requirement that it be "sworn."

POL does not preclude that insurer from rejecting a subsequent deficient POL. *See, e.g.*, *Marseilles Homeowners Condo. Ass'n Inc.*, 542 F.3d at 1056 (citing *Richardson*, 279 F. App'x 295; *Wright*, 415 F.3d 384; *Forman v. FEMA*, 138 F.3d 543 (5th Cir. 1998)).

## CONCLUSION

Plaintiffs have not presented any evidence that they submitted a sworn POL, which is a prerequisite to a lawsuit against an insurer under a SFIP. Plaintiffs' arguments that ABIC is precluded from enforcing that prerequisite are contrary to controlling Fifth Circuit precedent. Accordingly,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED** and that plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March 10, 2014.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**